## Commonwealth v. One Dodge Station Wagon, Model 1952, Series 300

*J. W. McWilliams*, district attorney, for Commonwealth.

*Anthony Perfilio*, for claimant.

McKAY, J., October 29, 1954.—On July 2, 1954, the District Attorney of Mercer County filed a petition to condemn and forfeit a Dodge station wagon, model 1952, series 300, the petition averring that the vehicle was used for the unlawful transportation of a narcotic drug. The vehicle is further identified in the petition as bearing manufacturer's serial number 31979625, engine number D-42-426443, and body number 4497.

The petition sets forth that on June 22, 1954, the station wagon was seized by the Pennsylvania State police while being operated on Route 19 in Coolspring Township, Mercer County, by one John Whit Martin, who was using it to transport heroin, a narcotic drug in violation of the laws of the Commonwealth.

The petition was served upon John Whit Martin, the driver, and upon Edward Lee Perkins, the only occupant of the car, on July 16, 1954, and by publication on all other parties interested on July 15, 1954.

Subsequently, on September 13, 1954, the Universal C.I.T. Credit Corporation filed a petition averring that it had just then learned of the condemnation proceeding and that it held a conditional sales agreement on the station wagon and asking time to file an answer setting forth a claim for the vehicle. The petition was allowed, and on September 27, 1954, the credit corporation filed an answer setting forth its claim and, subsequently, on October 18, 1954, filed an amended answer for the same purpose.

On October 25, 1954, the matter came on for hearing and testimony was taken in support of the petition for condemnation as well as of the claim of the Universal C. I. T. Corporation.

John Whit Martin and Edward Lee Perkins were notified of the hearing by registered mail but did not appear. The Universal C. I. T. Credit Corporation

was represented by officers of the Buffalo branch of the company who testified as witnesses, and by counsel.

From the evidence and the exhibits adduced at the hearing, it developed that on June 22, 1954, Richard L. Garrett, a member of the Pennsylvania State police, arrested John Whit Martin and Edward Lee Perkins for transporting the heroin in the station wagon which is the subject of this proceeding. The heroin was contained in a packet enclosed in a date book which lay on the front seat between the two occupants of the vehicle. At the time he was arrested Martin admitted that the packet contained heroin and asked the officer to overlook the offense. After filing a charge against Martin and Perkins for violation of the Pennsylvania Narcotic Act, the officer turned the prisoners over to an agent of the Federal Government at Pittsburgh so that the criminal phase of the violation might be prosecuted in the Federal court.

By a New York conditional sales contract dated November 14, 1953, the Brown Motor Sales, Inc., of Kenmore, N. Y., sold to Willie Greene of Buffalo, N. Y., the vehicle in question for a price, including finance and insurance charges, of $2,413.55, of which $663 represented the down payment and $1,749.60 represented the unpaid balance. The contract, which was assigned on the same date to the Universal C. I. T. Corporation, reserved title to the car in the Brown Motor Sales, Inc., or its assignee, until payment of the balance. On November 21, 1953, the contract was filed in the office of the clerk of the Supreme Court of Erie County, pursuant to the provisions of the law of New York requiring the filing of such contracts to protect the interests of the vendor or its assignee.

On November 15, 1953, Willie Greene transferred the station wagon to John Whit Martin who did not

notify the credit corporation of the transfer and it did not learn of the transfer until June 17, 1954. The contract became in default and on July 14, 1954, the credit corporation instituted replevin proceedings to repossess it in the Supreme Court of Erie County, New York, at no. 25429. The credit corporation had no knowledge of the use of the vehicle for the transportation of heroin in Mercer County on June 22, 1954, and did not consent thereto.

The Act of July 3, 1941, P. L. 263, sec. 5, 75 PS §1291.5(b), provides, inter alia, that any person claiming to be the holder of a contract of conditional sales upon a vehicle used for transporting narcotic drugs may present his petition to the court and "if . . . [he] shall prove by competent evidence to the satisfaction of the court . . . that such unlawful use was without his knowledge or consent, then the court may order the same returned or delivered to said claimant."

It has been held that where an automobile is sold in one State under a conditional sales contract between residents of that State and the contract is recorded in accordance with the laws thereof, the reservation of title is effective in Pennsylvania as against an attaching creditor of the vendee in this State if the automobile is brought into Pennsylvania only temporarily and with no intention of changing its situs: Rutherford National Bank v. Safian et al, 48 D & C 643. There is no reason why the rights of the Commonwealth in a condemnation proceeding should rise higher than those of an attaching creditor. Accordingly, the vehicle in question in this proceeding should be delivered to claimant.

### Order

Now, October 29, 1954, after public hearing, it appearing that the Dodge station wagon, model 1952, series 300, which is the subject of the petition for

condemnation in the pending proceeding, was used for the transportation of heroin by a person other than claimant, Universal C. I. T. Corporation, and claimant having proved that such unlawful use was without its knowledge or consent, it is ordered that this station wagon be delivered by the district attorney to Universal C. I. T. Credit Corporation upon payment by it of the costs of this proceeding.